UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

Alberto Lage,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Elite H High Class VP LLC,
And Ruben Rafael Rumbos
individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Alberto Lage and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Elite H High Class VP LLC, and Ruben Rafael Rumbos, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff Alberto Lage is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Elite H High Class VP LLC (from now on, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Miami-Dade County within this

Honorable Court Jurisdiction. Defendant Elite High Class was and is engaged in interstate commerce.

4. The individual Defendant, Ruben Rafael Rumbos, was and is now the owner/partner/officer and manager of Defendant corporation Elite High Class. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act "[29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Alberto Lage as a collective action to recover from Defendants regular and regular and overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after September 2022, (the "material time") without being adequately compensated.

7. Defendant Elite High Class was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a valet parking company that provides services to commercial and residential clients. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions.

Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9. Defendants Elite High Class and Ruben Rafael Rumbos employed Plaintiff Alberto Lage as a non-exempted, full-time employee from approximately September 17, 2022, to January 04, 2023, or 15 weeks.

10. During the relevant period, Plaintiff performed as a valet parking attendant. Plaintiff was a tipped employee, and he was paid an hourly rate of $7.00 plus tips.

11. While employed by Defendants, Plaintiff worked seven days per week, an irregular schedule. From Monday to Sunday, Plaintiff worked a minimum average of 80 hours weekly.

12. Plaintiff was paid for all his hours at his regular rate of $7.00 an hour, but he was not paid for overtime hours as required by law.

13. As a tipped employee, Plaintiff was not paid pursuant to FLSA minimum wage requirements for tipped employees. Defendant did not keep track of the tips received by Plaintiff and other similarly situated individuals.

14. When Plaintiff combined his direct cash wages and the average tips received, he did not earn at least the minimum wage established by law for 2022-2023 ($11.00 an hour, Florida Minimum wage rate).

15. Plaintiff earned an average of $560.00 weekly ($7.00 x 80 hours=$560.00 weekly), and he received an average of $90.00 in tips or a total of $650.00 weekly. This amount, divided by the number of hours worked (80 hours average), resulted in an hourly rate of $8.13, which is below the minimum wage required by law.

16. Furthermore, Defendants deducted from Plaintiff's wages 7%, corresponding to Florida sales taxes, according to Defendants' explanation. This practice lowered even more Plaintiff's minimum wages.

17. Therefore, Defendants are not entitled to the "tip credit" allowed by law. Defendants are obligated to pay Plaintiff the full minimum wage.

18. Additionally, Plaintiff was not paid regular wages for three consecutive weeks.

19. Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours as required by the FLSA.

20. Plaintiff did not clock in and out, but he wrote down his working hours, and he sent them to his manager. Defendants were in absolute control of Plaintiff's schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

21. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

22. Plaintiff was paid via Zelle without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, tips received, employee taxes withheld, etc.

23. Plaintiff disagreed with the lack of payment for his regular wages and overtime hours, and he complained several times to his manager Ruben Rafael Rumbos.

24. On or about January 04, 2023, Defendants terminated Plaintiff.

25. At the time of his termination, Defendants did not pay Plaintiff his wages back wages corresponding to three weeks.

26. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

27. At times mentioned, individual Defendant Ruben Rafael Rumbos was and is now the owner/partner/manager of Elite High Class. Defendant Ruben Rafael Rumbos was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Elite High Class' interests concerning its employees, including Plaintiff and others similarly situated. Defendant Ruben Rafael Rumbos had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

28. Plaintiff Alberto Lage seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his employment, liquidated damages, and any other relief as allowable by law. In addition, Plaintiff requests the reimbursement of the 7% unlawfully deducted from his wages.

Collective Action Allegations

29. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

30. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

31. This action is intended to include every valet parking attendant and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

32. Plaintiff Alberto Lage re-adopts every factual allegation stated in paragraphs 1-31 above as if set out in full herein.

33. This cause of action is brought by Plaintiff Alberto Lage as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after September 2022, (the "material time") without being adequately compensated.

34. Defendants Elite High Class and Ruben Rafael Rumbos employed Plaintiff Alberto Lage as a non-exempted, full-time employee from approximately September 17, 2022, to January 04, 2023, or 15 weeks.

35. During the relevant period, Plaintiff performed as a valet parking attendant. Plaintiff was a tipped employee, and he was paid an hourly rate of $7.00 plus tips.

36. While employed by Defendants, Plaintiff worked seven days per week, an irregular schedule. From Monday to Sunday, Plaintiff worked a minimum average of 80 hours weekly.

37. Plaintiff was paid for all his hours at his regular rate of $7.00 an hour, but he was not paid for overtime hours as required by law.

38. Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours as required by the FLSA.

39. Plaintiff did not clock in and out, but he wrote down his working hours, and he sent them to his manager. Defendants were in absolute control of Plaintiff's schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

40. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

41. Plaintiff was paid by Zelle without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, tips received, employee taxes withheld, etc.

42. Plaintiff was fired on or about January 04, 2023, after he complained about unpaid wages.

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

45. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. Total amount of alleged unpaid O/T wages:

      Eight Thousand Eighty-Eight Dollars and 00/100 ($8,088.00)

   b. Calculation of such wages:

      Total period of employment: 15 weeks
      Relevant weeks of employment:  15 weeks
      Total number of hours worked: 80 hours weekly average
      Total number of unpaid O/T hours: 40 O/T hours
      Regular rate: $7.00 x 1.5=$25.50-$17.00 O/T rate paid=$8.50 O/T difference
      Florida Minimum wage 2022-2023: $11.00 an hour
      Minimum wage: $11.00 x 1.5=$16.50 O/T-3.02 tip credit=$13.84 O/T rate
      O/T rate tipped employee: $13.84

      $13.48 x 40 hours=$539.20 weekly x 15 weeks=$8,088.00

   c. Nature of wages (e.g., overtime or straight time):

      This amount represents unpaid overtime wages.[1]

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

46. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

47. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

48. Defendants Elite High Class and Ruben Rafael Rumbos willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

49. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Alberto Lage and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Alberto Lage and other similarly situated individuals and against the Defendants Elite High Class and Ruben Rafael Rumbos based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Alberto Lage actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Alberto Lage demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

50. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-31 of this Complaint as if set out in full herein.

51. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day, and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

52. Defendants Elite High Class and Ruben Rafael Rumbos employed Plaintiff Alberto Lage as a non-exempted, full-time employee from approximately September 17, 2022, to January 04, 2023, or 15 weeks.

53. During the relevant period, Plaintiff performed as a valet parking attendant. Plaintiff was a tipped employee, and he was paid an hourly rate of $7.00 plus tips.

54. While employed by Defendants, Plaintiff worked seven days per week, an irregular schedule. From Monday to Sunday, Plaintiff worked a minimum average of 80 hours weekly.

55. As a tipped employee, Plaintiff was not paid pursuant to FLSA minimum wage requirements for tipped employees. Defendant did not keep track of the tips received by Plaintiff and other similarly situated individuals.

56. When Plaintiff combined his direct cash wages, and the average tips received, he did not earn at least the minimum wage established by law for 2022-2023 ($11.00 an hour, Florida Minimum wage rate).

57. Plaintiff earned an average of $560.00 weekly ($7.00 x 80 hours=$560.00 weekly), and he received an average of $90.00 in tips or a total of $650.00 weekly. This amount, divided by the number of hours worked (80 hours average), resulted in an hourly rate of $8.13, which is below the minimum wage required by law.

58. Furthermore, Defendants deducted from Plaintiff's wages 7%, corresponding to Florida sales taxes, according to Defendants' explanation. This practice lowered even more Plaintiff's minimum wages.

59. Therefore, Defendant is not entitled to the "tip credit" allowed by law. Defendant is obligated to pay Plaintiff the full minimum wage.

60. Additionally, Plaintiff was not paid regular wages for three consecutive weeks. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

61. Plaintiff did not clock in and out, but he wrote down his working hours and sent them to his manager. Defendants were in absolute control of Plaintiff's schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

62. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

63. Plaintiff was paid by Zelle without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, tips received, employee taxes withheld, etc.

64. On or about January 04, 2023, Defendants terminated Plaintiff.

65. At the time of his termination, Defendants did not pay Plaintiff his wages back wages corresponding to three weeks.

66. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

67. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

68. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to

      overtime and minimum wage payments. Defendants violated the Posting requirements of

      29 USC § 516.4.

69. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time

    of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages:</u>

      Two Thousand Six Hundred Forty Dollars and 00/100 ($6,480.00)

    b. <u>Calculation of such wages:</u>

      Total period of employment: 15 weeks
      Total relevant weeks: 15 weeks
      Total number of unpaid weeks: 3 weeks
      Regular rate: $7.00
      Fl Minimum wage 2022-2023: $11.00

      1.- Minimum wages for 12 weeks paid at $7.00
         Relevant weeks: 12 weeks
         Fl minimum wage rate: $11.00-$7.00 rate paid=$4.00 minimum wage diff.
          Minimum wage difference: $4.00 an hour

        $4.00 x 80 hours=$320.00 weekly x 12 weeks=$3,840.00

       2.- Minimum wages for 3 weeks paid at $0.00
         Relevant weeks: 3 weeks
         Total number of hours worked: 70 hours
         Fl minimum wage rate: $11.00 an hour

        $11.00 x 80 hours=$880.00 weekly x 3 weeks=$2,640.00

      Total #1 and #2: $6,480.00

    c. <u>Nature of wages:</u>

      This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

70. Defendants Elite High Class and Ruben Rafael Rumbos unlawfully failed to pay minimum wages to Plaintiff.

71. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

72. Defendants Elite High Class and Ruben Rafael Rumbos willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

73. Plaintiff has retained the law offices of the undersigned Attorney to represent him individually and on behalf of the asserted class and incurred Attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable Attorney's fees and costs.

Prayer for Relief

Wherefore, Plaintiff Alberto Lage respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Elite High Class and Ruben Rafael Rumbos based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### Demand for a Jury Trial

Plaintiff Alberto Lage and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

Date: February 28, 2023

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*